IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW SEROTA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:21-685 |
| VICTORIA CONTI; CLAUDIA BENACK; BEVERLY ROMANO; KENNETH TOLEY, a.k.a. KEN LEPRI; JACQUELINE CARLUCCI; and MATTHEW MAGER, | ) |
| Defendants. | ) |

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Matthew Serota, by and through his undersigned counsel, files the following Complaint:

## PARTIES

1. Plaintiff Matthew Serota ("Plaintiff" or "Serota") is an adult individual residing at 1362 Adam Place, East Meadow, NY 11554.

2. Defendant Victoria Conti ("Conti") is an adult individual residing at 219 London Towne Drive, Pittsburgh, PA 15226;

3. Defendant Claudia Benack ("Benack") is an adult individual residing at 121 London Towne Drive, Pittsburgh, PA 15226;

4. Defendant Beverly Romano ("Romano") is an adult individual residing at 133 London Towne Drive, Pittsburgh, PA 15226;

1

5. Defendant Kenneth Toley, a.k.a. Ken Lepri ("Toley" or "Lepri"), is an adult individual residing at 145 London Towne Drive, Pittsburgh, PA 15226;

6. Defendant Jacqueline Carlucci ("Carlucci") is an adult individual residing at 195 London Towne Drive, Pittsburgh, PA 15226.

7. Defendant Matthew Mager ("Mager") is an adult individual residing at 235 London Towne Drive, Pittsburgh, PA 15226.

## JURISDICTION

8. Jurisdiction in this case is proper pursuant to 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## VENUE

9. Venue is proper in this District under 28 U.S.C. 1391(b) because the Defendants reside in the Western District of Pennsylvania and a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania.

## JURY TRIAL DEMANDED

10. Plaintiff demands a jury trial as provided for in the Seventh Amendment to the U.S. Constitution and F.R.C.P. 38.

## FACTUAL BACKGROUND

11. Serota currently owns twenty-six (26) townhouses in the London Towne Homeowners Association ("the Association"), which is a Planned Community.

12. There are a total of seventy (70) townhouses ("units" or "lots") situated in the London Towne Planned Community that comprise the Association.

13. All unit owners, by virtue of their deeds in the Association, are subject to the Declaration of Covenants, Conditions and Restrictions (the "Declaration"), which is a contract between and among the Association and all unit owners. A copy of the Declaration is attached hereto as **Exhibit "A"** and is incorporated by reference as if fully set forth herein.

14. All unit owners are further subject to the Bylaws ("Bylaws") of the London Towne Homeowners Association. A copy of the Bylaws is attached hereto as **Exhibit "B"** and is incorporated by reference as if fully set forth herein.

15. Since 2011, Serota has been in the business of purchasing units in the London Towne Planned Community for the purpose of renting them out and receiving rental income.

16. Serota served on the Executive Board (the "Board") of the Association from October 2013 until May 2014.

17. Defendants currently own or were at one time owners of units within the Association at the time of the defamation.

18. On May 27, 2020, Defendants published a letter addressed to Robert Xides, Esq. (the "Letter") that included false, defamatory and outrageous statements about Serota. A copy of the Letter is attached hereto as **Exhibit "C"** and is incorporated by reference as if fully set forth herein.

19. Defendants circulated the Letter to more than forty (40) people.

20. The following statement was made in the Letter: "It was not atypical for Serota in the past to use community funds for the betterment of his properties."

21. Defendants' statements are defamatory in that it conveys a false impression that Serota, while having access to Association funds, unilaterally, individually, independently and on multiple occasions stole community (Association) funds to better his individual properties.

22. Through the Letter, Defendants falsely accuse Serota of committing criminal acts of theft from community funds.

23. The Letter further stated: "Board members from the past have noted that Serota purchased several units without (and refusing to obtain) resale certificates or has paid for them months, even years, after the purchase."

24. In publishing this false statement, Defendants conveyed that Serota, exclusively in his capacity as a purchaser of London Towne units, deprived the Association of resale certificate preparation fees for multiple units that were due to it.

25. Section 5.10 of the Bylaws provides for the Executive Board, upon being given notice of an intended sale of a unit, to prepare a resale certificate on behalf of the unit owner selling his or her unit and authorizes a reasonable charge to the unit owner for such preparation.

26. At no time has Serota been a unit owner who has sold any unit such that he ceased being the owner of any unit.

27. Defendants' statement was false as Serota was not and could not have ever been obligated to obtain and pay for a resale certificate, as he was never a unit owner selling a unit.

## COUNT I – DEFAMATION

28. Plaintiff's averments in the preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

29. Defendants' defamatory statements, detailed above, disparaged Serota's integrity, reputation, character and business practices to third persons, including, without limitation, London Towne unit owners with whom Serota must engage in the course of his business purchasing units and in the ongoing affairs of the Association.

30. Defendants' statements harmed Serota's reputation so as to lower him in the estimation of the London Towne community and deter others, including unit owners, from associating or dealing with him.

31. This is especially harmful to Serota's standing in the London Towne community in that there is an ongoing need to engage with other unit owners to address maintenance issues (particularly considering that the units are attached), to discuss Association business generally, and to discuss the potential purchase of units, among other things.

32. It is necessary for Serota, and is his right, to attend Association meetings, in order to exercise his rights within the Association to vote on all Association matters, speak on Association matters both operational and financial, and accordingly ensure his substantial financial interests within the community are represented.

33. Defendants' published statements constitute libel *per se* in that it imputes dishonesty and illegal conduct.

34. Upon information and belief, unit owners and other individuals falsely view Serota as an untrustworthy criminal who has regularly stolen money from the Association's account in which funding is supplied by every owner.

35. Unit owners and other individuals are wary of interacting with Serota.

36. Serota lived with his wife in the London Towne community from 2009 until 2015.

5

37. Serota would like to again reside in one of his units in the London Towne community with his wife and children to be closer to his wife's family and friends in Western Pennsylvania, and to be close to his business interests in the London Towne community.

38. However, Serota's ability to live in London Towne is hindered by the hostile community environment fostered by the Defendants' slanderous and false statements.

39. Publication of such statements were intentionally, maliciously, willfully, recklessly and/or negligently made by Defendants.

40. The recipients understood the defamatory meaning of the statements and understood the application of such statements to Plaintiff.

41. The statements made by Defendants were false.

42. Defendants knew that such statements were false and materially misleading, should have known they were false and materially misleading, and/or acted in reckless disregard of its truth or falsity.

43. Defendants' conduct was intentional, willful, wanton, malicious and outrageous.

44. Defendants had no privilege to make such statements.

45. As a direct and proximate result of Defendants' false and defamatory statements, Serota's reputation and standing in the community have been impaired and/or diminished.

46. As a direct and proximate result of Defendants' false and defamatory claims concerning Serota's illegal and improper conduct, Serota has suffered, and will continue to suffer, money damages, including, but not limited to, reputational damages and special damages.

47.     Serota also has suffered personal humiliation, embarrassment, and mental suffering.

WHEREFORE, Plaintiff Matthew Serota respectfully requests that this Court enter judgment in his favor and against Defendants Victoria Conti; Claudia Benack; Beverly Romano; Kenneth Toley, a.k.a. Ken Lepri; Jacqueline Carlucci; and Matthew Mager, and award money damages in an amount in excess of $75,000.00, *against each individual defendant separately*, along with punitive damages, costs, fees, interest, and such further relief as this Court may deem just and appropriate for each act of libel, against *each* of the named defendants *separately*. Plaintiff further requests that this Court order Defendants to prepare a written retraction and to circulate the same to each and every unit owner in the London Towne community.

## COUNT II – FALSE LIGHT

48.     Plaintiff's averments in the preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

49.     In Defendants' statements in the Letter, Defendants publicized private facts about Plaintiff's honesty and integrity that are false, create an overall impression of falsehood, and place Serota in a false light before the public.

50.     Such publicity would be highly offensive to a reasonable person in that Defendants' statements constitutes a major misrepresentation of Plaintiff's character and activities.

51.     Such statements are not of legitimate concern to the public.

52.     Defendants' conduct was intentional, willful, wanton, malicious and outrageous.

53. Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

54. The publication of such false statements caused mental suffering, shame and/or humiliation to Plaintiff, a person of ordinary sensibilities.

WHEREFORE, Plaintiff Matthew Serota respectfully requests that this Court enter judgment in his favor and against Defendants Victoria Conti; Claudia Benack; Beverly Romano; Kenneth Toley, a.k.a. Ken Lepri; Jacqueline Carlucci; and Matthew Mager, and award money damages in an amount in excess of $75,000.00, *against each individual defendant separately*, along with punitive damages, costs, fees, interest, and such further relief as this Court may deem just and appropriate for each act of libel, against *each* of the named defendants *separately*. Plaintiff further requests that this Court order Defendants to prepare a written retraction and to circulate the same to each and every unit owner in the London Towne community.

**JURY TRIAL DEMANDED.**

                                            Respectfully submitted,

                                            ANDERSON & LABOVITZ, LLC

                                            By: */s/ Drew G. Miller*
                                                William J. Labovitz
                                               Pa. I.D. No. 77018

                                               Drew G. Miller
                                               Pa. I.D. No. 207830

                                            428 Forbes Avenue, Suite 1901
                                            Pittsburgh, PA  15219
                                            Tel:  (412) -209-3200
                                            Fax:  (412) 291-1001
                                            wlabovitz@PaLawFirm.com
                                            dmiller@PaLawFirm.com

                                            Counsel for Plaintiff, Matthew Serota

Dated:  May 20, 2021

## VERIFICATION

I, Matthew Serota, hereby verify that the averments set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 28 U.S.C. § 1746.

_____
Matthew Serota

Dated: May 20, 2021